UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EDWARD CLARK,<br><br>                    Plaintiff,<br><br>        vs.<br><br>UNUM GROUP, THE PAUL REVERE<br>LIFE INSURANCE COMPANY,<br><br>                    Defendants. | 4:20-CV-04013-KES<br><br>MEMORANDUM OPINION AND<br>ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S<br>FIRST MOTION TO COMPEL<br><br>[Docket No. 31] |

**INTRODUCTION**

This matter is pending before the court on plaintiff's first motion to compel the production of documents.  Docket No. 31.  Defendants resist the motion, and plaintiff has filed a reply.  Docket Nos. 45 & 52.  This matter has been referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

**FACTS**

The parties' dispute concerns a long-term disability policy issued by the Paul Revere Life Insurance Company to Dr. Edward Clark in 2001 while he was employed as an acute care physician by Sioux Valley Health Systems, which has since changed its name to Sanford Health Systems.  In October 2015, Dr. Clark suffered a bilateral pulmonary embolism and began regularly

experiencing fatigue and shortness of breath.  See Docket No. 1 at ¶¶ 29-31, 39.  His condition caused difficulty performing his job duties, and he submitted a claim for benefits under the long-term disability policy.  Id. at ¶¶ 43-44, 46.  After issues settling the claim, Dr. Clark filed this lawsuit against Paul Revere and Unum alleging state-law bad faith and breach of contract claims and alternative claims under ERISA.  Id. at ¶¶ 83-113.

On April 9, 2020, the district court entered a scheduling order.  See Docket No. 7.  In that order, the court set the deadline for all discovery for May 14, 2021.  Id. at p. 2, ¶ 3.  The order required responses to discovery requests to be served within 30 days of service of the request.  Id.  The order required that disputes regarding discovery be brought immediately to the court's attention through the making of an appropriate motion.  Id.  Lastly, the order stated that motions to compel "should" be filed within 14 days after the subject matter of the motion arises and motions to compel will not be filed until the parties have complied with D.S.D. Civ. LR 37.1 (requiring parties to file a separate certification describing the good-faith efforts of the parties to resolve the dispute without court involvement).  Id. at p. 2, ¶ 4.

On May 6, 2020, Dr. Clark served his first set of requests for production on defendants.  See Docket No. 33-12.  Before responding to the requests, defendants filed a motion for summary judgment on May 14, 2020, as to the state-law claims on the basis that they were preempted by ERISA.  See Docket No. 13.  Defendants timely responded to Dr. Clark's first set of requests to produce on June 5, 2020.  See Docket No.  19-1.  Dr. Clark timely responded

to the motion for summary judgment on June 16, 2020.  See Docket No. 20.  In his response, Dr. Clark argued that, under Federal Rule of Civil Procedure 56(d), the motion for summary judgment should be denied to allow the parties more time to take discovery on facts at issue in the case, chiefly whether Dr. Clark's individual disability insurance plan is governed by ERISA.  Id. at p. 2.

Three days after filing his response to the summary judgment motion, Dr. Clark's attorney sent a letter to defendants' counsel asking them to supplement their discovery responses.  See Docket No. 33-2.  Five days later, on June 24, 2020, Dr. Clark's attorney sent defendants' counsel an email memorializing a phone conversation about defendants' responses to plaintiff's document requests.  See Docket No. 33-3 at p. 5.  On July 16, 2020, counsel for both parties had a phone call to discuss defendants' discovery responses. Id. at pp. 1-2.  Counsel for Dr. Clark memorialized the phone call in an email to counsel for defendants.  Id.  On August 19, 2020, defendants served supplemental responses to plaintiff's requests for production.  See Docket No. 33-1.

The district court denied the motion for summary judgment on February 19, 2021.  See Docket No. 27.  The district court found there were genuine issues of material fact as to whether the plan fell under ERISA's safe-harbor provision, 29 C.F.R. § 2510.3-1(j), and who paid for the plan.  Id. at pp. 4-12. The court ordered that an evidentiary hearing be held to determine whether the plan is governed by ERISA after the completion of discovery on this issue.  Id.

3

at p. 12.  The court set the evidentiary hearing for June 15, 2021.  See Docket No. 28.

On March 31, 2021, Dr. Clark's counsel moved for an order continuing deadlines, citing severe medical conditions that incapacitated him.  Docket No. 29.  The court entered a new scheduling order on April 1 that, in relevant part, extended the deadline to complete all discovery to August 13, 2021.  Docket No. 30.  Under the new scheduling order, all motions, excluding motions in limine, must be filed by August 27, 2021.  Id.

Over two months later, on June 11, 2021, plaintiff filed this first motion to compel.  Docket No. 31.  According to Dr. Clark's attorney, the parties had participated in a phone call on June 7, 2021, to discuss alleged deficiencies in defendants' supplemental responses.  See Docket No. 33 at p. 2, ¶ 11.  Although Dr. Clark has not submitted any record evidence of this communication, defendants do not dispute that this call took place.

In light of this motion to compel, Dr. Clark filed a motion to continue the June 15, 2021, evidentiary hearing on ERISA preemption.  See Docket No. 37.  The district court granted the motion and continued the hearing indefinitely.  See Docket No. 41.

## DISCUSSION

### A.    Timeliness

As a preliminary matter, Unum asserts the court should summarily deny Dr. Clark's motion because it is untimely.  The operative scheduling order states, "[m]otions to compel should be filed within 14 days after the subject

matter of the motion arises" and that disputes regarding discovery "will be called immediately to the court's attention by the making of an appropriate motion." Docket No. 7 at p. 2, ¶¶ 3-4. The court also ordered that no motion to compel may be filed without the parties complying with Local Rule 37.1. <u>Id.</u> at ¶ 3.

Unum argues Dr. Clark did not comply with the district court's scheduling order because he did not file this motion to compel until nearly four months after the district court denied the motion for summary judgment and ordered an evidentiary hearing on the issue of ERISA preemption and approximately eight months after Unum served its supplemental discovery responses on him. Dr. Clark has responded with several arguments. First among them is that the district court's scheduling order did not mandate that motions to compel must be filed within 14 days of the dispute arising and, thus, his motion was timely filed before the discovery deadline. Dr. Clark also argues that his delay in filing this motion was due to his counsel's severe health conditions, which prevented him from meeting and conferring with Unum's counsel, and filing any necessary motions to compel, until late May 2021.

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Rule 37 does not contain an outer time limit when a motion to compel must be filed in order to be deemed timely. <u>Voter v. Avera Brookings Med. Clinic</u>, No. CIV. 06-4129-KES, 2008 WL 4372707, at *1 (D.S.D. Sept. 22, 2008). Some district courts limit by local rule the time period within which a

5

motion to compel must be filed.  See, e.g., United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) ("Local Rule 37.01 of the District Court for the District of South Carolina states that '[m]otions must be filed within twenty (20) days after receipt of the discovery response to which the motion to compel is directed.' "); Haviland v. Catholic Health Initiatives–Iowa, Corp., 692 F. Supp. 2d 1040, 1044 (S.D. Iowa 2010) (noting that Local Rule 37 of the District Court for the Southern District of Iowa "permits Motions to Compel to be filed up to fourteen days after the close of discovery").  This District has no such rule.  Soltesz v. Rushmore Plaza Civic Ctr., No. CIV. 11–5012–JLV, 2013 WL 175802, at *4 (D.S.D. Jan. 16, 2013).

District courts have broad discretion in managing discovery, establishing and enforcing discovery deadlines, and maintaining compliance with discovery and pretrial orders, Williams v. TESCO Servs., Inc., 719 F.3d 968, 976 (8th Cir. 2013), and may direct in scheduling orders the date by which motions to compel must be filed.  Dziadek v. Charter Oak Fire Ins. Co., No. CIV 11-4134-RAL, 2014 WL 820049, at *3 (D.S.D. Mar. 3, 2014).  Ultimately, when deciding the timeliness of a motion to compel, a court must inquire into the "entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another."  In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 333 (N.D. Ill. 2005); see also Haviland, 692 F. Supp. 2d at 1044 ("Because no single rule or deadline can encompass the myriad variations in discovery, . . . judges are given broad discretion to manage the overall process in the interests of dispatch and fairness.").

Generally, a court "may conclude that a motion to compel is untimely if the movant has unduly delayed." Soltesz, 2013 WL 175802, at *4 (citing 8B Charles A. Wright, et al., Federal Practice & Procedure § 2285 (2d ed.1994)).  In this district, motions to compel may be considered timely if filed before discovery closes, but untimely if filed after discovery closes, when there is no "specific directive in the scheduling order." Voter, 2008 WL 4372707, at *1; Soltesz, 2013 WL 175802, at *4 ("If a motion to compel is filed prior to the expiration of the discovery deadline, it is generally considered timely.").

In Dziadek, 2014 WL 820049, the scheduling order was virtually the same as the one in this case.  It stated that motions to compel "should" be brought within 14 days after the subject matter of the dispute arises.  Id. at *3. It required that disputes about discovery be promptly brought to the court's attention.  Id.  It required that motions to compel "shall not be filed unless the parties have complied with Local Civil Rule 37.1".  Id. at *1.

The district court found that this language in the scheduling order did not mandate that motions to compel be filed within fourteen days.  Id. at *4. The scheduling order did not amount to a "specific directive," and the court found that a motion filed on the final day of the discovery period—and much after the 14-day window had closed—was timely.  Id.

Here, the initial scheduling order set May 14, 2021, as the deadline for discovery.  See Docket No. 7.  The district court entered a second scheduling order on April 1, 2021, extending the discovery deadline to August 13, 2021. See Docket No. 30.  Dr. Clark filed this first motion to compel on June 11,

7

2021, well before the close of discovery.  Accordingly, because the scheduling order did not include a "specific directive" mandating when discovery motions must be filed and Dr. Clark filed before the close of discovery, this motion to compel is timely.

Additionally, Dr. Clark brought the discovery dispute to the district court's attention just eleven days after Unum served its responses to his requests to produce—the earliest time when he could have known about the subject matter of this motion to compel—in his response to the motion for summary judgment.  Therefore, he complied with the scheduling order's directive that discovery disputes be brought immediately to the court's attention.  And Dr. Clark has shown that he complied with Local Civil Rule 37.1 by filing a separate certificate describing the parties' efforts to resolve this dispute without involving the court.  Thus, Dr. Clark's motion to compel is timely, and the court will consider it on its merits.

**B.     Standards Governing Discovery**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> *Scope in General.*  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

See Fed. R. Civ. P. 26(b)(1).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good-faith effort to resolve the dispute by conferring first with the other party.  See Fed. R. Civ. P. 37(a).

The scope of discovery under Rule 26(b) is extremely broad.  See 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update).  The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession."  Id. (quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)).  The Federal Rules distinguish between discoverability and admissibility of evidence.  FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2) & (c).  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  But these considerations are not inherent barriers to discovery.

Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery.  See FED. R. CIV. P. 26(b)(1).  Additionally, the court may limit the frequency and extent of discovery.  See Fed. R. Civ. P. 26(b)(2); see also Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Cont'l Ill. Nat'l

9

Bank & Trust Co. of Chi. v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.").

Dr. Clark was under a duty to meet and confer with Unum before filing this motion to attempt to resolve the parties' discovery disputes.  Dr. Clark asserts he satisfied that duty.  See Docket No. 33 at p. 2, ¶ 11.  Unum does not dispute that Dr. Clark has satisfied this duty.  Accordingly, the motion is ripe for decision.

## C.    General Objections

Defendants lodged general objections to all requests in Dr. Clark's first set of requests for production.  Defendants generally objected on the bases that the requests (1) seek information and documents that are not relevant or proportional, (2) seek information that that is confidential, proprietary business information, and/or trade secrets, (3) impose duties on defendants beyond those imposed by the Federal Rules of Civil Procedure and the definitions and instructions render the requests vague, ambiguous, and/or unduly broad, and (4) are overbroad and unduly burdensome in terms of the scope of time because each request seeks documents created before the commencement of this action with no other limitation.  See Docket No. 19-1 at pp. 2-3.[1]

---

[1] The court cites to the page numbers as they appear at the bottom of this document, not the page numbers that would appear in the CM/ECF header.

Defendants reasserted these general objections as to each document request discussed herein.

Dr. Clark asserts Unum's general objections are improper because this district rejects general objections as without force or effect.  <u>See</u> Docket No. 32 at p. 3 (citing <u>Gowan v. Mid Century Ins. Co.</u>, No. 5:14-CV-05025-LLP, 2015 WL 7274448, at *5 (D.S.D. Nov. 16, 2015); <u>Nye v. Hartford Accident and Indem. Co.</u>, Civ. No. 12-5028-JLV, 2013 WL 3107492, at *8 (D.S.D. June 18, 2013); <u>Collins v. St. Paul Fire & Marine Ins. Co.</u>, No. 5:15-CV-05047-JLV, 2016 WL 5794722, at *3 (D.S.D. Sept. 30, 2016)).

Defendants argue their general objections are proper because they are followed by specific objections to each request.  <u>See</u> Docket No. 45 at p. 17 n.11.  Defendants assert their general objections therefore comport with Federal Rule of Civil Procedure 34(b), which requires that the party objecting to discovery requests specify the grounds for each objection.  FED. R. CIV. P. 34(b).  But that defendants also assert specific objections to each discovery request does not somehow make the general objections permissible.  The fact remains that Rule 34 requires a party objecting to discovery to show specifically how each production request is not subject to discovery.  <u>Kooima v. Zacklift Int'l, Inc.</u>, 209 F.R.D. 444, 446 (D.S.D. 2002).  The general objections are entirely non-specific, and they fail to make this showing.  They are therefore overruled.

**D.      Individual Discovery Requests and Objections**

   **1.      Request for Production Number 3**

   This request states, "If you claim plaintiff's policy is part of an ERISA

plan, please provide all documents relating to creation or implementation of

that plan." Docket No. 33-12 at p. 2.  Defendants objected to this request by

incorporating their general objections and on the bases that (1) it is vague and

ambiguous, (2) it is over broad and unduly burdensome in scope and time,

(3) it seeks documents that are neither relevant to the claims or defenses at

play in this litigation nor proportional to the needs of the case, (4) responsive

documents to this request may contain personal information regarding other

insureds, (5) responsive documents to this request may be protected by the

attorney-client or work-product privileges, and (6) responsive documents may

not be in the possession, custody or control of defendants.  See Docket

No. 19-1 at pp. 5-6.  Defendants' supplemental response did not waive any of

these objections, but defendants agreed to disclose additional documents.  See

Docket No. 33-1 at pp. 7-8.

   **a.      Vagueness and Ambiguity**

   Defendants argue this request is ambiguous because the phrase "all

documents relating to the creation or implementation of that plan" is vague.

See Docket No. 19-1 at p. 5.  "The party objecting to discovery as vague or

ambiguous has the burden to show such vagueness or ambiguity."  Stoldt v.

Centurion Indus., Inc., No. 03-2634-CM-DJW, 2005 WL 375667, at *2 (D. Kan.

Feb. 3, 2005).  Defendants have not stated what they do not understand about

the language of the discovery requests or how the language they take issue with is confusing.  Moreover, "[a] party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."  Id. (internal quotation omitted).  The same goes for requests to produce.  Dr. Clark asserts Unum does in fact understand the language in this request to produce in part because this terminology is common in ERISA litigation.

Defendants resist on the basis that " '[t]he text of ERISA itself affords scant guidance as to what constitutes a covered "plan" ' because it 'merely constructs a tautology, defining an employee benefit plan as "any plan, program or fund" established or maintained by an employer that provides certain benefits to employees.' "  Roemen v. Federated Mut. Ins. Co., No. CIV. 09-4145-KES, 2011 WL 1315938, at *2 (D.S.D. Apr. 1, 2011) (quoting Belanger v. Wyman-Gordon Co., 71 F.3d 451, 454 (1st Cir. 1995)).  Defendants argue Dr. Clark's request to produce incorporating statutory or legal language related to ERISA is therefore ambiguous because ERISA itself does little more than establish a framework for assessing plans.  This argument is unpersuasive.  It does not follow that phrases commonly used in ERISA litigation are themselves rendered vague and ambiguous just because the statutory language of ERISA does not provide exhaustive guidance on the issue of what plans fall under its purview.  In order to be improperly vague and ambiguous, discovery requests must themselves be vague and ambiguous.  It is defendants' job to show how the requests are confusing, and they simply have not made that showing.

Further, the use of omnibus terms such as "relating to" and "concerning" is not impermissibly vague when "the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents." Brown Bear v. Cuna Mut. Grp., 266 F.R.D. 310, 320 (D.S.D. 2009) (quoting U.S. Fire Ins. Co. v. Bunge N. Am., Inc., No. 05-2192-JWL-DJW, 2007 WL 1531846, at *7 (D. Kan. May 25, 2007)).

Here, the use of omnibus phrases like "relating to" modifies a narrow category of information—the insurance plan of which Dr. Clark's individual disability insurance policy was part and which the defendants claim was an ERISA plan. Dr. Clark has asserted that Unum is familiar with ERISA and ERISA cases, having litigated a large number of them. See Docket No. 52 at p. 27. This is a fact that cuts against Unum's claims of vagueness and ambiguity; defendants are familiar with the terminology used to describe plans that fall under ERISA and the subject matter of this litigation. Accordingly, the court finds the category of documents relating to the insurance plan is a specific type of documents and, therefore, requests using similar omnibus phrases are neither vague nor ambiguous.

### b.   Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile

14

'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at pp. 5-6.

Defendants have supplied the court with a declaration from Dina Fournier, Lead IDI Business Consultant, which alleges in detail the amount of time compliance with Dr. Clark's requests would take. See Docket No. 46. Ms. Fournier estimates it would require a minimum of 322.97 hours to compile documents related to all Sanford's Employee Security Programs/risk groups. Id. at p. 3, ¶ 10. She further estimates it would take a minimum of 26.5 hours to produce documents related to the Employee Security Plan that contains Dr. Clark's policy. Id. at ¶ 11. Ms. Fournier offers the opinion that the majority of responsive documents would be similar to those already produced but related to other insureds. Id. She offers as an example a redacted disability insurance application from another individual insured's file. See Docket No. 46-1.

But Ms. Fournier's declaration and the estimations contained therein misapprehend the actual scope of Dr. Clark's requests for production. Dr. Clark has expressly excluded from his requests any documents that appear solely in the individual files of other insureds, including the application Ms. Fournier attached to her declaration. See section D.1.c., *infra*. Thus, defendants' assertion of undue burden is not tethered to the universe of documents actually requested by Dr. Clark. Therefore, the court's ability to assess undue burden is limited. Because it is defendants' burden, as the party

15

resisting disclosure, to show the applicability of an objection, the court concludes defendants have not carried their burden with regard to this objection.

Although the court does not doubt retrieving copies of the documents actually responsive to Dr. Clark's requests for production will be to some degree burdensome to defendants, "the general rule requires the entity answering or producing the documents to bear that burden." Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 136 F.R.D. at 684-85.  Because defendants have not shown that the burden of producing copies of documents actually responsive to Dr. Clark's requests is undue or extraordinary, the court will not relieve them of that burden.

### c.   Relevance and Proportionality

"Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " E.E.O.C. v. Woodmen of the World Life Ins. Soc'y, No. 8:03CV165, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Woodmen of the World, 2007 WL 1217919, at *1 (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)).  "Mere speculation that information might be useful

16

will not suffice; litigants seeking to compel discovery must describe[,] with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Woodmen of the World, 2007 WL 1217919, at *1 (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)). Once the proponent of discovery has made a threshold showing of relevance, the burden shifts to the party objecting to the disclosure. Burke v. Ability Ins. Co., 291 F.R.D. 343, 349 (D.S.D. 2013).

Defendants object to this request for production on the basis that the documents sought are irrelevant because they would relate to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA. Dr. Clark argues in response that these documents are relevant to the question of whether his individual disability insurance policy is part of an ERISA plan—a question at the center of the issue of whether Dr. Clark's state-law claims are preempted by ERISA.

To determine whether a plan is governed by ERISA, courts conduct a two-step analysis. The first question is whether the ERISA safe-harbor exception applies. If the answer is no, courts then determine whether the arrangement qualifies as an "employee benefit plan" that was "established or maintained" by an employer. 29 U.S.C. § 1003(a); Northwest Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994).

The Department of Labor has promulgated regulations setting out the circumstances when the safe-harbor exception applies. 29 C.F.R. § 2510.3-1(j) states:

> [T]he terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type program offered by an insurer to employees . . . under which:
>
> (1)    No contributions are made by an employer . . .;
>
> (2)    Participation [in] the program is completely voluntary for employees . . .;
>
> (3)    The sole functions of the employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4)    The employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

All four criteria must be met to satisfy for the safe-harbor exception to apply. Berry v. Provident Life & Accident Ins. Co., Civ. No. 05-4139-KES, 2007 WL 1795837, at *4 (D.S.D. June 19, 2007). Defendants do not dispute that the second and fourth requirements are met. See Docket No. 27 at p. 5. Therefore, the two remaining questions as to whether the safe-harbor exception applies are whether Dr. Clark's employer contributed to or endorsed the plan.

If either criterion is not met, the safe-harbor exception does not apply, and the court must determine if the insurance program otherwise qualifies as an ERISA "employee welfare benefit plan" under the definition of 29 U.S.C.

18

§ 1002(1).  Section 1002(1) defines an employee benefit plan as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." Id.  The court considers this framework when assessing whether Dr. Clark has shown that the documents he requested are relevant to the issue of ERISA preemption.  If the documents requested could bear on—or lead to other information that could bear on—this issue, they are relevant.

Dr. Clark prefaced his requests for production with a limitation to the scope of documents requested.  It disclaimed that "[n]othing in these requests seeks documents that appear solely in individual claim files for claimants not a party to this action." See Docket No. 33-12 at p. 2.  Subject to this limitation, Dr. Clark made the requests at issue in this motion.

Dr. Clark argues the documents responsive to this request are relevant to an issue in this case—namely defendants' defense that his state-law claims are preempted by ERISA—because the employer's role in creating and implementing the plan is relevant to the issue of whether the plan is an ERISA employee benefit plan as defined by 29 U.S.C. § 1002(1).  Although the scope of discovery allowed in ERISA cases is more limited than what is permitted by Federal Rule of Civil Procedure 26(c), Fitts v. Fed. Nat'l Mortgage Ass'n, 204 F.R.D. 1, 4 (D.D.C. 2001), it remains to be seen whether this is an ERISA case. The district court in denying defendants' motion for summary judgment found genuine issues of material fact as to whether Dr. Clark's policy falls within the

19

safe harbor exception and, if not, whether the plan is an employee benefit plan that was established or maintained by the employer.  The court finds Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Defendants do not argue Dr. Clark's requests, on an individual level, are objectionable because they seek irrelevant information.  Rather, defendants have argued that these requests, *en masse*, seek irrelevant information because responsive information includes documents in other insureds' files which have no bearing on the issue of whether Dr. Clark's policy is part of an ERISA plan.  And Unum's relevance argument is principally an argument of overbreadth.  As examples of "[t]he facial over-breadth and largely irrelevant nature of Plaintiff's document requests," Unum presents hypotheticals to illustrate the allegedly irrelevant documents these requests for production would compel it to divulge.  See Docket No. 45 at pp. 8, 9-12.  Every one of these hypotheticals warns that granting Dr. Clark's motion to compel would require defendants to disclose information related to *other* insureds, an exercise that has little chance of yielding any relevant information.

In support of this argument, Unum cites Falcone v. Provident Life & Accident Ins. Co., No. 2:08-CV-300, 2008 WL 4694211, at *4-5 (S.D. Ohio Oct. 23, 2008).  In Falcone, the issue was, as is the issue here, whether certain discovery was relevant to whether an insurance policy was part of an ERISA plan.  Id.  The plaintiff in that case, Dr. Falcone, sought information regarding policies other than the one at issue, and copies of those policies, dating back

approximately 30 years.  Id. at *4.  The defendant insurer resisted, arguing copies of policies other than the one directly at issue were irrelevant to the question of whether that policy was part of an ERISA plan.  Id.  The court agreed with the defendant-insurer, finding the request for copies of extrinsic policies overly broad.  Id. at *5.  The court reasoned this request went beyond the scope of discovery at this stage of the proceedings.  Id. at *5 (citing Thompson v. Unum Life Ins. Co. of Am., No. Civ.A. 303CV0277D, 2003 WL 22171706, at *4 (N.D. Tex. Sept. 17, 2003) (refusing to compel production of copies "of all policies and procedures governing ERISA appeals")).  Unum asserts Falcone and Thompson suggest that information related to other policies issued to other insureds is therefore irrelevant and Dr. Clark's requests for production are overbroad.

But Dr. Clark preemptively limited his requests for production such that "documents that appear solely in individual claim files for claimants not a party to this action" are excluded.  See Docket No. 33-12 at p. 2.  This is not a request like those in Falcone or Thompson where the plaintiff sought copies of policies belonging to other insureds or documentation of ERISA compliance under the assumption that those documents would help show whether the subject policy was an ERISA plan.  Instead, Dr. Clark has expressly stated he is not seeking documents that appear only in other insureds' claim files.  Thus, Flacone and Thompson offer little guidance in determining the issue here, namely whether documents that are responsive to this request (including

documents that appear in multiple insureds' claim files) are relevant to the issue of ERISA preemption.

Nor is this a situation like <u>Allen v. First Unum Life Ins. Co.</u>, No. 2:18-cv-69-FtM-29MRM, 2020 WL 6882169, at *20 (M.D. Fla. Sept. 30, 2020), where the court found facially overbroad a plaintiff's request for all documents and statements relating to plaintiff's insurance policies because it was more likely than not a substantial amount of those documents would have no bearing on the ERISA defense.  <u>Id.</u>  Here, Dr. Clark has not requested all documents and all statements regarding his policy or other policies; he has requested a category of documents tied to criteria courts have used to determine whether an ERISA plan exists.  Documents relating to the creation or implementation of the plan is relevant to whether, under § 1002(1), the plan was established or maintained by the employer, which would put the plan within the ambit of ERISA.  Thus, this is not an improper discovery fishing expedition.  The request is calculated to limit production to only those documents which are probative of the issue at hand (whether ERISA preempts the state-law claims) according to principles courts have used to decide that issue and the statutory requirements of ERISA's applicability.

The court finds documents responsive to Dr. Clark's requests that relate to all policyholders are relevant to the issues that inform whether Dr. Clark's policy is an ERISA plan.  While the focus of discovery at this juncture is the subject policy, documents that appear in all claims files that are responsive to the requests for production are relevant to the issue of whether the subject

policy is itself an ERISA plan.  This is because, as Dr. Clark notes, responsive documents applicable to all policies or a group of policies, but which do not contain Dr. Clark's name or policy number, are reasonably likely to elucidate the issues involved in determining whether the policy is an ERISA plan.  While the focus of the inquiry is Dr. Clark's policy, the inquiry is not limited to only those documents that expressly reference Dr. Clark.  Instead, responsive documents that relate to multiple policies or communications between Sanford and defendants are reasonably likely to be highly probative of the issue whether Dr. Clark's policy was an ERISA plan.  Therefore, the court overrules defendants' relevance and overbreadth objections.

Defendants' proportionality objection suffers from the same misapprehension as its relevance objection—that Dr. Clark has requested information related solely to policies issued to other insureds.  Rule 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant and "proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery out-weighs its likely benefit."  FED. R. CIV. P. 26(b)(1).  "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  FED. R. CIV. P. 26, 2015 advisory comm. note.

Considering the proportionality factors, the court concludes the requested documents are proportional to the needs of the case.  There is an imbalance of information here where defendants ostensibly possess documents related to all policies issued by defendants to Sanford employees; Dr. Clark has none of that information.  The district court has already determined, based upon the summary judgment evidence (which the court expects fairly represents the documents already produced in discovery), there is a genuine issue of fact whether the policy is part of an ERISA plan; clearly there is a need for more discovery to decide this issue.

And Dr. Clark has shown that responsive documents are relevant to this threshold issue.  Unum primarily resists on the basis that the cost of obtaining the requested documents outweighs their value.  But Unum has provided information about cost associated with combing through *individual insureds' claims files*.  Dr. Clark has expressly excluded from his requests documents that appear solely in the files of non-party insureds.  The requested information is proportional to the needs of the case, and defendants' objection on this basis is overruled.

### d.    Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the

24

volume of documents requested.  Defendants further argue "the time it would take Defendants to ensure accurate and complete redaction so as not to disclose private, personal information would only exacerbate the burden and disproportionality of responding to the requests."  See Docket No. 45 at p. 21.

However, it is not the case that Dr. Clark is seeking documents related to other individual insureds; his request for production expressly disclaims that he is.  Therefore, documents such as the application attached to Ms. Fournier's declaration—which required significant redaction of hand-written information—are not responsive to Dr. Clark's requests.  Thus, the actual amount of private information contained in responsive documents appears limited, and the court sees no reason why redaction and a protective order are not adequate measures to protect the privacy interests of third parties.  See Christensen v. Quinn, No. CIV. 10-4128-KES, 2013 WL 1702040, at *10 (D.S.D. Apr. 18, 2013) (protective order adequately protected sensitive information contained in document production).  Accordingly, defendant's objections on the grounds of third-party privacy are overruled.  The district court will consider the issue of a protective order on motion by the parties.

### e.    Attorney-Client and Work-Product Privileges

Defendants have also objected to Dr. Clark's request number three on the basis that it seeks documents protected by the attorney-client and work-product privileges.  Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding information otherwise discoverable by claiming that the

information is privileged to produce a privilege log that describes the nature of the documents so that the claim of privilege may be assessed.

Here, Unum defendants have not produced a privilege log or expressly asserted attorney-client or work-product privileges over any specific documents.  Defendants have not complied with the most basic requirements of Rule 26(b)(5).  Therefore, defendants' objection on the basis that this request seeks information protected by these privileges is overruled.  If defendants wish to assert these privileges regarding responsive documents in the future, they should comply fully with the requirements of Rule 26(b)(5).

### f.   Possession, Custody, and Control of Responsive Documents

Defendants object to Dr. Clark's request number three on the basis that it seeks documents outside of its possession, custody, and control.  Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents and provides that a party may ask another party to permit copying of documents "in the responding party's possession, custody, or control."  See FED. R. CIV. P. 34(a)(1).  The concept of documents in a party's "possession" or "custody" is clear enough, but the concept of documents in a party's "control" is not obvious upon a reading of the rule.

The rule that has developed is that if a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34.  See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure § 2210, at 397 (2d ed. 1994).  "Because a client has the right, and the ready ability, to obtain copies

26

of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." <u>American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus</u>, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing <u>Poole ex rel. Elliott v. Textron, Inc.</u>, 192 F.R.D. 494, 501 (D. Md. 2000); and <u>Poppino v. Jones Store Co.</u>, 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Merely because documents gathered by an attorney are subject to the client's control does not, however, automatically mean they are discoverable. The work product doctrine and the attorney-client privilege still apply and may be asserted in opposition to discovery, along with the appropriate privilege log. <u>Ringling Bros.</u>, 233 F.R.D. at 211-213.

Consistent with these principles, defendants' objection on this basis is overruled. Defendants need only produce documents in their possession, custody, or control. If defendants have the legal right to obtain responsive documents, and such documents are not otherwise privileged, they are subject to discovery.

For all these reasons, defendants' objections to request number 3 are overruled, and Dr. Clark's motion to compel responses to request number 3 is granted.

### 2.   Request for Production Number 4

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all agreements, or documents relating to any agreements, between either defendant and plaintiff's employer relating to the plan." <u>See</u>

27

Docket No. 33-12 at p. 2.  Defendants objected to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) responsive documents to this request may contain personal information regarding other insureds.  See Docket No. 19-1 at pp. 6-7.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 8-9.

### a.     Vagueness and Ambiguity

Unum argues this request is ambiguous because the phrases "documents relating to any agreements" and "relating to the plan" are vague. See Docket No. 19-1 at p. 6.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.     Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at pp. 6-7.  For

28

the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because they would aid the court in assessing Sanford's participation in establishing or maintaining the insurance program.  Whether the employer established or maintained the program is at the heart of the § 1002(1) inquiry.  Therefore, Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

####       d.       **Third-Party Privacy**

Unum has objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Unum argues in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

### 3.       **Request for Production Number 5**

This request states, "If you claim plaintiff's policy is an ERISA plan, please provide all documents showing the employer's role in making the policy available, publicizing it, recommending it, endorsing it, or promoting it to employees."  See Docket No. 33-12 at p. 2.  Defendants objected to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents outside the defendants' possession, custody, and control.  See Docket No. 19-1 at p. 7.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 9-10.

### a.    Vagueness and Ambiguity

Unum argues this request is ambiguous because the phrase "all documents showing the employer's role" is vague.  <u>See</u> Docket No. 19-1 at p. 7. For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  <u>See</u> Docket No. 19-1 at p. 7.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case—

namely Unum's defense that his state-law claims are preempted by ERISA—
because the extent to which the employer made the policy available to
employees, publicized it, recommended it, endorsed it, or promoted it is one of
the factors courts must consider when determined if ERISA preemption
applies.  This request seeks information relevant to the third safe-harbor
requirement, which is one of the areas where the district court found a genuine
issue of material fact in denying defendants' motion for summary judgment.
Dr. Clark has met the threshold requirement of showing the records sought
bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers
whether defendants have shown the documents sought are irrelevant to or not
proportional to the needs of the case.  For the same reasons stated in section
D.1.c., *supra*, defendants have not shown these documents are irrelevant or
disproportional.  Defendants' objections based on relevance and proportionality
are overruled.

### d.    Possession, Custody, and Control of Responsive Documents

Defendants object to Dr. Clark's request number five on the basis that it
seeks documents outside of its possession, custody, and control.  Federal Rule
of Civil Procedure 34 limits a party's obligation to produce documents to those
documents in the party's possession, custody, or control.  See FED. R. CIV. P.
34(a)(1).  Defendants' objection on this basis is overruled for the same reasons
stated in section D.1.f., *supra*.  Consistent with Rule 34, defendants need only
produce documents in their possession, custody, or control.  If defendants have

the legal right to obtain responsive documents, and such documents are not otherwise privileged, they are subject to discovery.

For all these reasons, defendants' objections to request number five are overruled, and Dr. Clark's motion to compel as to request number five is granted.

### 4.    Request for Production Number 6

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing the employer allowed any employee to pay any portion of the Paul Revere insurance premiums with pretax dollars." See Docket No. 33-12 at p. 2.  Defendants objected to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, (4) responsive documents to this request may contain personal information regarding other insureds, and (5) responsive documents may not be in the possession, custody or control of defendants.  See Docket No. 19-1 at p. 8.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 10-11.

### a.    Vagueness and Ambiguity

Unum argues this request is ambiguous because the phrase "all documents showing the employer allowed any employee to pay any portion of the Paul Revere insurance premiums with pretax dollars" is vague.  See Docket

33

No. 19-1 at p. 8.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.   Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 8.  For the same reasons stated in section D.1.b., *supra*, defendants' overbreadth and undue burden objection is overruled.

### c.   Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because one of the safe-harbor exception requirements is that the employer makes no contribution towards the insurance coverage and allowing employees

to pay premiums with pretax dollars indicates that the employer is not contributing to the cost of the premiums.  See Docket No. 32 at p. 26 (citing Berry, 2007 WL 1795837, at *4 (citing Cowart v. Metro. Life Ins. Co., 444 F. Supp. 2d 1282, 1291 (M.D. Ga. 2006)).  Dr. Clark has met the threshold requirement of showing the documents sought bear on the issue of whether the state law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

### d.    Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Unum argues in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

### e.    Possession, Custody, and Control of Responsive Documents

Defendants object to Dr. Clark's request number six on the basis that it seeks documents outside of its possession, custody, and control.  Federal Rule

of Civil Procedure 34 limits a party's obligation to produce documents to those documents in the party's possession, custody, or control.  See FED. R. CIV. P. 34(a)(1).  Defendants' objection on this basis is overruled for the same reasons stated in section D.1.f., *supra*.  Consistent with Rule 34, defendants need only produce documents in their possession, custody, or control.  If defendants have the legal right to obtain responsive documents, and such documents are not otherwise privileged, they are subject to discovery.

For all these reasons, defendants' objections to request number six are overruled, and Dr. Clark's motion to compel as to request number six is granted.

### 5.   Request for Production Number Seven

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing the employer negotiated any terms of the sale, terms of coverage, rates, eligibility requirements, or any other aspect of the insurance relationship."  See Docket No. 33-12 at p. 2. Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket No. 19-1 at p. 9.  Defendants' supplemental response did not waive any of these

36

objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 11-12.

### a.    Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrases "all documents showing the employer negotiated any terms of the sale" and "any other aspect of the insurance relationship" are vague.  See Docket No. 19-1 at p. 9.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  See Docket No. 19-1 at p. 9.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would

37

therefore have no bearing on whether his individual disability insurance
policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues
the documents responsive to this request are relevant to an issue in this case—
namely Unum's defense that his state-law claims are preempted by ERISA—
because an employer's negotiation of policy terms shows involvement in
"establishing or maintaining" the plan and also takes the policy out of the safe-
harbor provision.  See Docket No. 32 at p. 29 (citing Berry, 2009 WL 1795837,
at *5 (employer can endorse and show control over plan by negotiating or
modifying specific terms).  Dr. Clark has met the threshold requirement of
showing the records sought bear on the issue of whether the state-law claims
are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers
whether defendants have shown the documents sought are irrelevant to or not
proportional to the needs of the case.  For the same reasons stated in section
D.1.c., *supra*, defendants have not shown these documents are irrelevant or
disproportional.  Defendants' objections based on relevance and proportionality
are overruled.

### d.    Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis
that it seeks personal information related to other insureds.  Defendants argue
in support that concerns for the privacy of third parties cannot be adequately
ameliorated through redaction and a protective order because there is a great
risk of inadvertent disclosure, i.e., through human error, considering the

volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

For all these reasons, defendants' objections to request number seven are overruled, and Dr. Clark's motion to compel as to request number seven is granted.

### 6.      Request for Production Number Eight

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents suggesting that the policyholder must be employed by Sanford Health or any of its predecessors as a condition of coverage."  See Docket No. 33-12 at p. 2.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket No. 19-1 at pp. 9-10.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 13-14.

### a.      Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents suggesting" is vague.  See Docket No. 19-1 at p. 9.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 9. For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA. Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because if Dr. Clark could buy or maintain the same coverage regardless of whether he is an employee of Sanford, that weighs against finding the coverage to be part of his employment relationship. See Docket No. 32 at p. 32.

40

Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case. For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional. Defendants' objections based on relevance and proportionality are overruled.

### d.     Third-Party Privacy

Defendants object to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds. Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested. For the reasons stated in section D.1.d., defendants' objections are overruled.

For these reasons defendants' objections to request number eight are overruled, and Dr. Clark's motion to compel as to request number eight is granted.

### 7.     Request for Production Number Nine

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing the control and direction exercised by the employer." See Docket No. 33-12 at p. 3. Defendants objected to this

request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, (4) responsive documents to this request may contain personal information regarding other insureds, and (5) responsive documents may not be in the possession, custody or control of defendants. See Docket No. 19-1 at pp. 10-11. Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents. See Docket No. 33-1 at pp. 14-16.

### a.    Vagueness and Ambiguity

Unum argues this request is ambiguous because the phrase "all documents showing the control and direction exercised by the employer" is vague. See Docket No. 19-1 at p. 10. For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance

to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 10.  For the same reasons stated in section D.1.b., *supra*, defendants' overbreadth and undue burden objection is overruled.

### c.    **Relevance and Proportionality**

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because control and direction by the employer shows the employer took part in establishing or maintaining the plan and takes the plan outside the safe-harbor provision.  See Docket No. 32 at p. 35.  Dr. Clark has met the threshold requirement of showing the documents sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

###         d.      Third-Party Privacy

Defendants object to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendant argues in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

###         e.      Possession, Custody, and Control of Responsive Documents

Defendants object to Dr. Clark's request number six on the basis that it seeks documents outside of its possession, custody, and control.  Federal Rule of Civil Procedure 34 limits a party's obligation to produce documents to those documents in the party's possession, custody, or control.  See FED. R. CIV. P. 34(a)(1).  Defendants' objection on this basis is overruled for the same reasons stated in section D.1.f., *supra*.  Consistent with Rule 34, defendants need only produce documents in their possession, custody, or control.  If defendants have the legal right to obtain responsive documents, and such documents are not otherwise privileged, they are subject to discovery.

For these reasons, defendants' objections to request number nine are overruled, and Dr. Clark's motion to compel as to request number nine is granted.

### 8.      Request for Production Number 10

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing the employer took part in claim determinations." See Docket No. 33-12 at p. 3.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket No. 19-1 at p. 12. Defendants stated they had no responsive documents in their possession.  Id. Defendants' supplemental response did not waive any of these objections, but clarified that, if the scope of the request is limited to Dr. Clark's policy, they had no responsive documents.  See Docket No. 33-1 at p. 16.

#### a.      Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents showing the employer took part in claim determinations" is vague. See Docket No. 19-1 at p. 12.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

#### b.      Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24,

45

2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 12.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because, if the employer took part in claim determinations, it exceeds the limits of the third criterion of the safe-harbor provision.  See Docket No. 32 at p. 37. Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or

disproportional.  Defendants' objections based on relevance and proportionality are overruled.

### d.    Third-Party Privacy

Defendants object to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

For these reasons, defendants' objections to request number 10 are overruled.  Dr. Clark's motion to compel as to request number 10 is granted, and defendants are reminded the scope of this request includes documents that relate to the insurance plan generally and appear in multiple claim files; the scope is not limited only to those documents that appear in Dr. Clark's file.

### 9.    Request for Production Number 11

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing any communications between either defendant and the employer with respect to Paul Revere individual disability policies that are part of the plan."  See Docket No.  33-12 at p. 3. Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant

to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket No. 19-1 at p. 12.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 17-18.

### a.    Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents showing any communications" is vague.  See Docket No. 19-1 at p. 12.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  See Docket No. 19-1 at p. 12.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because communications between defendants and Sanford may show if Sanford played a role in establishing or maintaining the policy, which would take the plan out of the safe-harbor provision.  See Docket No. 32 at p. 40. Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

However, the request for "any communications," even when limited to those communications regarding Paul Revere individual disability insurance policies that are part of the plan, is overbroad.  See Allen, 2020 WL 6882169, at *20 (plaintiff's request for all documents and statements relating to plaintiff's insurance policies overbroad because it was more likely than not a substantial amount of those documents would have no bearing on the ERISA defense). Thus, the court finds it appropriate to narrow the scope of this request to only that correspondence between either defendant and the employer which relates

49

to the employer establishing, maintaining, contributing to, or endorsing the plan.

### d.   Third-Party Privacy

Defendants object to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

For these reasons, defendants' objections to request number 11 are overruled and Dr. Clark's motion to compel as to request number 11 (with the scope limitation described herein) is granted.

### 10.   Request for Production Number 12

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing that the employer invited Paul Revere or Unum to offer any type of insurance product to employees."  See Docket No. 33-12 at p. 3.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, and (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case.  See Docket No. 19-1 at p. 13.  Defendants did not produce any documents in response to this request.

Id.  Defendants' supplemental response did not waive any of these objections, but stated that it could not locate responsive documents after conducting a reasonable search.  See Docket No. 33-1 at p. 18.

### a.    Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents showing the employer invited Paul Revere or Unum to offer any type of insurance product" is vague.  See Docket No. 19-1 at p. 13.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  See Docket No. 19-1 at p. 13.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would

therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case—namely Unum's defense that his state-law claims are preempted by ERISA—because invitations from the employer to offer coverage to employees suggests employer involvement that may put the plan out of the safe-harbor exception.  See Docket No. 32 at p. 42.  Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

However, defendants in their supplemental responses represent that they have not located any responsive documents despite conducting a reasonable search.  Therefore, Dr. Clark's motion to compel production of documents responsive to request number 12 is denied.  The court notes that, if it should be determined that defendants have responsive documents, they may be subject to sanctions, including Dr. Clark's costs in determining the truth of the matter.  See FED. R. CIV. P. 37.  Furthermore, defendants are under a duty to

supplement this discovery response should any responsive documents be discovered subsequently.

### 11.    Request for Production Number 14

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing that the employer received any consideration, financial or otherwise, in connection with including Paul Revere's individual disability policies as part of its plan." See Docket No. 33-12 at p. 3.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket No. 19-1 at p. 14.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at p. 19.

### a.    Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents showing that the employer received any consideration, financial or otherwise" is vague.  See Docket No. 19-1 at p. 14.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.      Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." <u>See</u> Docket No. 19-1 at p. 14.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.      Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case—namely Unum's defense that his state-law claims are preempted by ERISA—because the fourth criterion of the safe-harbor provision requires that the employer receives no consideration.  <u>See</u> Docket No. 32 at p. 44.

However, the fourth criterion of the safe-harbor provision is no longer at issue in this case.  The defendants do not dispute that the fourth requirement

is met.  See Docket No. 27 at p. 5.  Therefore, this request does not seek information relevant to resolving the issue at hand.

### d.    Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., this objection is overruled.

However, because this request seeks irrelevant information, Dr. Clark's motion to compel as to request number 14 is denied.

### 12.    Request for Production 15

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing that the employer accepted or assumed any financial obligations in connection with including Paul Revere's individual disability policies as part of its plan."  See Docket No. 33-12 at p. 3. Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket

No. 19-1 at p. 15.  Defendants' supplemental response did not waive any of these objections, but defendants agreed to disclose additional documents.  See Docket No. 33-1 at pp. 19-21.

### a.   Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents showing that the employer accepted or assumed any financial obligations" is vague.  See Docket No. 19-1 at p. 15.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.   Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  See Docket No. 19-1 at p. 15.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.   Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would

therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely Unum's defense that his state-law claims are preempted by ERISA— because an employer's assumption of financial obligations in connection with including Paul Revere's policies in its insurance program may constitute a contribution, which would take the plan out of the safe-harbor exception under the provision's first criterion.  See Docket No. 32 at p. 47.  Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

### d.   Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the

volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

For these reasons, defendants' objections to request number 15 are overruled, and Dr. Clark's motion to compel as to request number 15 is granted.

### 13.    Request for Production Number 16

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents showing that the employer, Paul Revere, or Unum, [sic] advised any plan participant that the policy is part of an ERISA plan."  See Docket No. 33-12 at p. 3.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties.  See Docket No. 19-1 at p. 16.  Defendants did not supplement their response to this request.  See Docket No. 33-1 at p. 21.

### a.    Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents showing that the employer, Paul Revere, or Unum, [sic] advised any plan participant that the policy is part of an ERISA plan" is vague.  See Docket No. 19-1 at p. 16.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 16. For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA. Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely defendants' defense that his state-law claims are preempted by ERISA—because if program literature advises employees that the policy is subject to ERISA, that weighs in favor of ERISA preemption. See Docket No. 32 at p. 48. Dr. Clark has met the threshold requirement of showing the records

sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

### d.    Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

For these reasons, defendants' objections to request number 16 are overruled, and Dr. Clark's motion to compel as to request number 16 is granted.

### 14.    Request for Production Number 17

This request states, "If you claim Sanford took some role with respect to the sale or administration of individual Paul Revere policies of disability insurance to employees beyond (1) permitting Paul Revere or UNUM to

publicize the policy to employees, and (2) collecting and remitting premiums, please provide all documents showing that role." See Docket No. 33-12 at p. 3. Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties, and (5) it seeks documents protected by the attorney-client or work-product privileges. See Docket No. 19-1 at pp. 16-17. In their supplemental response, defendants did not waive any objections but produced additional documents. See Docket No. 33-1 at pp. 22-23.

### a.   **Vagueness and Ambiguity**

Defendants argue this request is ambiguous because the phrases "took some role with respect to the sale or administration of" and "all documents showing that role" are vague. See Docket No. 19-1 at p. 16. For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.   **Overbreadth and Undue Burden in Scope and Time**

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile

61

'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." <u>See</u> Docket No. 19-1 at p. 16.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

###     c.    **Relevance and Proportionality**

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely defendants' defense that his state-law claims are preempted by ERISA—because it relates to the third criterion of the safe-harbor exception, which requires that the sole functions of the employer are to permit the insurer to advertise to employees, to collect premiums through payroll deductions, and remit those premiums to the insurer, all without endorsing the program.  <u>See</u> Docket No. 32 at p. 51.  Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section

D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

### d.      Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis that it seeks personal information related to other insureds.  Defendants argue in support that concerns for the privacy of third parties cannot be adequately ameliorated through redaction and a protective order because there is a great risk of inadvertent disclosure, i.e., through human error, considering the volume of documents requested.  For the reasons stated in section D.1.d., defendants' objection is overruled.

### e.      Attorney-Client and Work-Product Privileges

Defendants have also objected to Dr. Clark's request number 17 on the basis that it seeks documents protected by the attorney-client and work-product privileges.  Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding information otherwise discoverable by claiming that the information is privileged to produce a privilege log that describes the nature of the documents so that the claim of privilege may be assessed.

Here, defendants have not produced a privilege log or expressly asserted attorney-client or work-product privileges over any specific documents.  Unum has not complied with the most basic requirements of Rule 26(b)(5).  Therefore, defendants' objection to Dr. Clark's request on the basis that it seeks information protected by these privileges, those objections are overruled.

63

Should defendants assert these privileges over any responsive documents in the future, they should comply fully with the requirements of Rule 26(b)(5).

For these reasons, defendants' objections to request number 17 are overruled, and Dr. Clark's motion to compel as to request number 17 is granted.

### 15.   Request for Production Number 18

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents relating to any discounts, price variations, or any other benefit made available by Paul Revere to plan participants that would not otherwise be available to purchasers of individual disability policies." See Docket No. 33-12 at p. 4.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, and (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case.  See Docket No. 19-1 at pp. 17-18.  In their supplemental response, defendants did not waive any objections but produced additional documents.  See Docket No. 33-1 at pp. 23-24.

### a.   Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrases "all documents relating to" and "any other benefit made available" are vague.  See Docket No. 19-1 at p. 17.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

64

### b.   Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 17.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.   Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely defendants' defense that his state-law claims are preempted by ERISA—because providing discounts, price variations, or other benefits may qualify as employer contributions, which would take the plan out of the safe- harbor exception under its first requirement.  See Docket No. 32 at p. 54.

Dr. Clark has met the threshold requirement of showing the records sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

For these reasons, defendants' objections to request number 18 are overruled, and Dr. Clark's motion to compel as to request number 18 is granted.

### 16.    Request for Production Number 19

Request 19 states, "If you claim Plaintiff's policy is part of an ERISA plan, please provide all documents identifying the administrator of the plan."  See Docket No. 33-12 at p. 4.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, and (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case.  See Docket No. 19-1 at pp. 18-19.  In their supplemental response, defendants did not waive any objections but produced additional documents.  See Docket No. 33-1 at pp. 24-25.

### a.     Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents identifying the administrator of the plan" is vague.  See Docket No. 19-1 at p. 18.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.     Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  See Docket No. 19-1 at p. 18.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.     Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case—

namely defendants' defense that his state-law claims are preempted by ERISA—because ERISA imposes extensive duties on the plan administrator and, if no such administrator was appointed, that suggests the plan does not fall under ERISA.  See Docket No. 32 at p. 55.

While some courts have found that "actual compliance with ERISA regulations is not a relevant inquiry with respect to the determination of whether or not the subject policy is an ERISA plan," Falcone, 2008 WL 4694211 at *5 (quoting Thompson, 2003 WL 22171706, at *4; citing Jordan v. Reliable Life Ins. Co., 694 F. Supp. 822, 826-27 (N.D. Ala. 1988)), the scope of discovery at this stage is very broad.  Although compliance with ERISA does not, *per se*, mean the subject policy is an ERISA plan, documents showing ERISA compliance are evidence that the plan is governed by ERISA and may well lead to additional information that bears on the issue.  As such, Dr. Clark has met threshold requirement of showing the documents sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

For these reasons, defendants' objections to request number 19 are overruled, and Dr. Clark's motion to compel as to request number 19 is granted.

### 17.   Request for Production Number 20

Request 20 states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents identifying the agent appointed to accept service of process for the plan." See Docket No. 33-12 at p. 4.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, and (4) it seeks documents that are not in the possession, custody, or control of the defendants.  See Docket No. 19-1 at p. 19.  The defendants further stated there are no responsive documents in their possession.  Id.  In their supplemental response, defendants did not waive any objections and restated that there were no responsive documents in their possession.  See Docket No. 33-1 at pp. 25-26.

### a.   Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents identifying the agent appointed to accept service of process for the plan" is vague.  See Docket No. 19-1 at p. 19.  For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.    Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit." See Docket No. 19-1 at p. 19.  For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.    Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case— namely defendants' defense that his state-law claims are preempted by ERISA—because ERISA requires the Summary Plan Description to contain information about the plan's agent, 29 U.S.C. § 1022(b), if no such agent was appointed it suggests there is no ERISA plan.  See Docket No. 32 at p. 57.

Although some courts have found that "actual compliance with ERISA regulations is not a relevant inquiry with respect to the determination of whether or not the subject policy is an ERISA plan[.]" Falcone, 2008 WL 4694211 at *5 (quoting Thompson, 2003 WL 22171706, at *4; citing Jordan, 694 F. Supp. at 827), the scope of discovery at this stage is very broad. Although compliance with ERISA does not, *per se*, mean the subject policy is an ERISA plan, documents showing ERISA compliance are evidence that the plan is governed by ERISA and may well lead to additional information that bears on the issue.  As such, Dr. Clark has met threshold requirement of showing the documents sought bear on the issue of whether the state-law claims are preempted by ERISA.

Having found Dr. Clark has met this threshold, the court considers whether defendants have shown the documents sought are irrelevant to or not proportional to the needs of the case.  For the same reasons stated in section D.1.c., *supra*, defendants have not shown these documents are irrelevant or disproportional.  Defendants' objections based on relevance and proportionality are overruled.

### d. Possession, Custody, and Control of Responsive Documents

Defendants object to Dr. Clark's request number 20 on the basis that it seeks documents outside of its possession, custody, and control.  Federal Rule of Civil Procedure 34 limits a party's obligation to produce documents to those documents in the party's possession, custody, or control.  See FED. R. CIV. P. 34(a)(1).  Defendants' objection on this basis is overruled for the same reasons

stated in section D.1.f., *supra*.  Consistent with Rule 34, defendants need only produce documents in their possession, custody, or control.  If defendants have the legal right to obtain responsive documents, and such documents are not otherwise privileged, they are subject to discovery.

For these reasons, defendants' objections to request number 20 are overruled, and Dr. Clark's motion to compel as to request number 20 is granted.

### 18.    Request for Production Number 21

This request states, "If you claim plaintiff's policy is part of an ERISA plan, please provide all documents related to the policy that contains [sic] the acronym 'ERISA,' or otherwise refers to the Employee Retirement Income Security Act."  See Docket No. 33-12 at p. 4.  Defendants object to this request by incorporating their general objections and on the bases that (1) it is vague and ambiguous, (2) it is over broad and unduly burdensome in scope and time, (3) it seeks documents that are neither relevant to the claims or defenses at play in this litigation nor proportional to the needs of the case, (4) it seeks documents containing information regarding other insureds that would infringe on the privacy of third parties, and (5) it seeks documents protected by the attorney-client privilege or the work-product privilege.  See Docket No. 19-1 at pp. 19-20.  Defendants did not supplement their response to this request.  See Docket No. 33-1 at pp. 26-27.

### a.   Vagueness and Ambiguity

Defendants argue this request is ambiguous because the phrase "all documents related to the policy" is vague.  <u>See</u> Docket No. 19-1 at p. 19. For the same reasons stated in section D.1.a., *supra*, defendants' objection is overruled.

### b.   Overbreadth and Undue Burden in Scope and Time

Defendants argue Dr. Clark's request for production is unduly burdensome because of its scope and time, "particularly as Plaintiff has defined the scope of time for each request as 'documents created prior to January 24, 2020,' and the risk group originally associated with Plaintiff's policy was established in 1999, which would require Defendants to search for and compile 'all documents' responsive to the request for a period of time that could span more than 20 years, regardless of whether such documents have any relevance to the claims and issues in the lawsuit."  <u>See</u> Docket No. 19-1 at pp. 19-20. For the same reasons stated in section D.1.b., *supra*, defendants' objection is overruled.

### c.   Relevance and Proportionality

Defendants object to this request for production on the basis of relevance because it effectively seeks all documents pertaining to the plan, including those related to policies held by insureds other than Dr. Clark and would therefore have no bearing on whether his individual disability insurance policy—the only policy at issue here—is governed by ERISA.  Dr. Clark argues the documents responsive to this request are relevant to an issue in this case—

namely defendants' defense that his state-law claims are preempted by
ERISA—because references in policy literature to ERISA may show that the
insurer and employer both treated the policy as part of an ERISA plan.  See
Docket No. 32 at p. 59.  Courts have found references to ERISA in plan
documents is evidence of intent to create an ERISA plan.  See Thompson v.
Am. Home Assurance Co., 95 F.3d 429, 437 (6th Cir. 1996); Shaw v. Prudential
Ins. Co. of Am., No. 10-3355-S-CV-DGK, 2012 WL 432874, at *6 (W.D. Mo.
Feb. 9, 2012).  Dr. Clark has met the threshold requirement of showing the
records sought bear on the issue of whether the state-law claims are preempted
by ERISA.

Having found Dr. Clark has met this threshold, the court considers
whether defendants have shown the documents sought are irrelevant to or not
proportional to the needs of the case.  For the same reasons stated in section
D.1.c., *supra*, defendants have not shown these documents are irrelevant or
disproportional.  Defendants' objections based on relevance and proportionality
are overruled.

### d.    Third-Party Privacy

Defendants have objected to Dr. Clark's discovery request on the basis
that it seeks personal information related to other insureds.  Defendants argue
in support that concerns for the privacy of third parties cannot be adequately
ameliorated through redaction and a protective order because there is a great
risk of inadvertent disclosure, i.e., through human error, considering the

volume of documents requested.  For the reasons stated in section D.1.d., defendants' objections are overruled.

### e.     Attorney-Client and Work-Product Privileges

Defendants have also objected to Dr. Clark's request number 21 on the basis that it seeks documents protected by the attorney-client and work-product privileges.  Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding information otherwise discoverable by claiming that the information is privileged to produce a privilege log that describes the nature of the documents so that the claim of privilege may be assessed.

Here, Defendants have not produced a privilege log or expressly asserted attorney-client or work-product privileges over any documents.  Unum has not complied with the most basic requirements of Rule 26(b)(5).  Therefore, defendants' objection to this request on the basis that it seeks information protected by these privileges, those objections are overruled.  Should defendants assert these privileges over any responsive documents in the future, they should comply fully with the requirements of Rule 26(b)(5).

For these reasons, defendants' objections to request number 21 are overruled, and Dr. Clark's motion to compel as to request number 21 is granted.

## E.     Cumulative Nature of the Information

In their response, defendants for the first time argue the documents sought by Dr. Clark provide information cumulative of the documents defendants have already produced.  <u>See</u> Docket No. 45 at pp. 13-14 (citing

Daigle v. Hartford Life & Accident Ins. Co., No. 1:10CV00011 BSM, 2010 WL
1875804, at *2-3 (E.D. Ark. May 6, 2010) ("Daigle seeks discovery to help
answer whether the first, second, and fourth criteria in the safe harbor
provision are satisfied. . . .  Although Hartford's answers to Daigle's
interrogatories might be relevant if compelled, Hartford seems to have already
answered whether Wal-Mart performed additional functions beyond passively
facilitating and publishing notice of the [longterm disability] policy to Daigle.")).

In this argument, defendants rehash evidence of ERISA preemption they
presented to the district court in litigating their motion for summary judgment.
The district court denied the summary judgment motion and found genuine
issues of material fact in whether the safe-harbor exception applies and
whether the plan is an employee benefit plan established and maintained by
Sanford.  In so finding, the court concluded that genuine issues of material fact
exist as to whether Sanford contributed to the plan by paying Dr. Clark's
premiums, whether Sanford otherwise contributed to the plan, whether any
discount to Dr. Clark's premiums was negotiated by Sanford, and who paid for
Dr. Clark's plan.  See Docket No. 27.  Thus, this case is outside the ambit of
Daigle because there are unresolved questions about ERISA's applicability.
Therefore, the production ordered herein is not cumulative of the documents
already produced by defendants because those documents clearly have not
resolved the issue of whether ERISA applies.  As the district court noted, it can
only resolve this issue "after discovery on this issue is completed."  Docket

No. 27 at p. 12.  Clearly, this means *more* discovery is appropriate, and the defendants' cumulative-information argument is a nonstarter.

**E.    Attorneys' Fees**

Dr. Clark also asks the court for an award of costs and attorneys' fees for bringing this motion to compel under Federal Rule of Civil Procedure 37(a)(5)(A).  That rule states:

> (5) *Payment of Expenses; Protective Orders.*
>
> > (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*.  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> >
> > > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > >
> > > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > >
> > > (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).  To satisfy this hearing requirement, the court "can consider such questions on written submissions as well as on oral hearings." FED. R. CIV. P. 37(a)(4) advisory comm. note to 1993 amendment (regarding Rule 37(a)(4), which has since been renumbered as Rule 37(a)(5)).

Here, the court has granted Dr. Clark's motion to compel responses to specific discovery requests.  Therefore, Dr. Clark meets the first criterion of Rule 37(a)(5)(A).  And Dr. Clark first raised the issue of costs and attorneys'

fees in the memorandum in support if his motion to compel.  See Docket

No. 32 at p. 61.  Therefore, defendants had an opportunity to be heard when

they responded in writing to Dr. Clark's motion.

With these requirements satisfied, the court examines whether any of the

exceptions outlined in Rule 37(a)(5)(A)(i)-(iii) apply.  If none of the exceptions

apply, the court must award costs.  FED. R. CIV. P. 37(a)(5)(A).

First, Dr. Clark must not have filed the motion before attempting in good

faith to obtain the disclosure or discovery without court action.  Dr. Clark

submitted to the court certification showing his attorney's attempts to resolve

the discovery disputes without involving the court, and defendants have not

alleged any contrary facts or information.  Therefore, the court finds that

Dr. Clark did not file this motion to compel before attempting in good faith to

resolve its discovery disputes with defendants.

Next, the court considers whether defendants' non-disclosure, responses,

or objections were substantially justified.  Defendants have presented no

information or evidence justifying its repeated delays and non-disclosure of the

documents at issue in this motion to compel.  Further, for the reasons stated

herein, defendants' objections that the court overruled were not substantially

justified.  "Because [defendants] have no substantial justification for refusing to

disclose these documents," Bone Shirt v. Hazeltine, No. CIV. 01-3032-KES,

2003 WL 27384630, at *3 (D.S.D. Aug. 15, 2003), the court finds this second

exception does not bar Dr. Clark's recovery of costs.

78

Lastly, defendants have not identified any other circumstances that make the award of expenses on this second motion to compel unjust. Therefore, there is "no substantial justification for [defendants'] incomplete and untimely responses," Heil v. Belle Starr Saloon & Casino, Inc., No. Civ. 09-5074-JLV, 2011 WL 13353218, at *4 (D.S.D. Aug. 3, 2011), and expenses are required by Rule 37(a)(5)(A).  Dr. Clark's request for expenses related to this motion to compel is granted.  Dr. Clark is directed to submit an affidavit of his costs and attorney's fees associated with this motion as to the requests that were granted within 28 days of this order along with an accounting of attorney hours and description of what those hours represent in terms of attorney work. Defendants shall have 21 days thereafter to file objections to the hours or amount of fees requested.  Dr. Clark will then have 14 days to file a reply if he wishes to do so.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that the motion to compel [Docket No. 31] filed by plaintiff Edward Clark is granted as to requests 3, 4, 5, 6, 7, 8, 9, 10, 11 (as narrowed), 15, 16, 17, 18, 19, 20, and 21.  Defendants shall provide, within 15 days of the date of this order, copies of documents responsive to these requests.  Plaintiff's motion to compel is denied as to requests 12 and 14.

ORDERED that Dr. Clark shall be entitled to reasonable costs and attorneys' fees for bringing this motion to compel.  Dr. Clark shall file an affidavit with proof of service setting forth the time reasonably spent on this

motion, the hourly rate requested for attorneys' fees and costs, and any factual matters pertinent to the motion for attorneys' fees within 28 days of this order. Defendants shall file any and all objections to the allowance of fees within 21 days after receipt of service of Dr. Clark's motion and affidavit.  Defendants may, by counter affidavit, controvert any of the factual matters contained in Dr. Clark's motion and may assert any factual matters bearing on the award of attorneys' fees.  D.S.D. LR 54.1(C).  Dr. Clark shall have 14 days after service of defendants' response in opposition to file a reply.

DATED this 10th day of September, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge